UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                     Case No.: 3:08-cr-232-J-16MCR

**WILLIE EUGENE SOLOMON,
MIRIAM PRICILLA SOLOMON and
DONNY EDWARD GRAHAM,**

    **Defendants.**
_____/

## ORDER

Defendants have several motions (collectively, the "Motions") pending before the Court. Defendant, Mr. Willie Solomon ("Mr. Solomon") filed a Motion to Dismiss Count One of the Indictment (Dkt. 44). Defendant, Mr. Donny Graham ("Mr. Graham") asks the Court to Dismiss Count One of the Indictment in his Motion for a Bill of Particulars. (Dkt. 41). Defendant, Ms. Miriam Solomon ("Ms. Solomon") moved to adopt her co-defendants Motions. (Dkt. 43). In addition, Ms. Solomon filed a Motion to Sever Count Five (the "Motion to Sever"). (Dkt. 52). The United States of America (the "United States") opposes the Motions. (Dkts. 50 and 67). For the reasons that follow, the Motions (Dkts. 41, 44 and 52) will be **DENIED**.

    **I.    Background**

Defendants are charged in an eight-count indictment. Count One of the

indictment charges the Defendants with conspiracy to distribute marijuana (100 kilograms or more) in violation of 21 U.S.C. § 841 (a)(1).  Count Two charges Mr. and Ms. Solomon with possession with the intent to distribute and aid and abet in the possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B) and 18 U.S.C. § 2.  Count Three charges Mr. Solomon with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c).  Count Four is identical to Count Three, except it charges Ms. Solomon.  Count Five charges Mr. Solomon with possession of firearms after having previously been convicted of crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2).  Count Six charges Mr. Solomon with the intention to distribute marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(D).  Count Seven is identical to Count Six, except it charges Mr. Graham.  Count Eight charges Mr. Graham with possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924 (c).  In summary, Mr. Solomon is named in five of the eight counts - 1-3, and 5-6.  Ms. Solomon is named in three of the eight counts - 1-2 and 4.  Mr. Graham is named in three of the eight counts - 1 and 7-8.

**II.     Motion to Dismiss**

Defendants claim that Count One, alleging the conspiracy, must be dismissed because it is impermissibly vague and deprives the Defendants of critical constitutional protections.  Specifically, Defendants claim that the indictment does

not sufficiently apprise them of what they must be prepared to meet at trial. (Dkt. 44 at p. 2, citing to Russell v. United States, 369 U.S. 749, 763-64 (1962)). Defendants claim that Count One fails to provide them with any notice of the manner by which the conspiracy was supposed to operate, of any specific acts supposedly taken in furtherance of the conspiracy, or of the respective rolls of the alleged co-conspirators. Defendants claim that without alleging essential elements of a broad allegation, the defendants will be prejudiced when asserting their defenses.

The United States responds that the indictment sufficiently apprises the Defendants of the charges; the indictment fills the constitutional requirements; and, an indictment for conspiracy to commit a criminal offense need not be as specific as a substantive count.

The United States is correct. The indictment is sufficient to apprise the Defendants of the charges. The United States cites to United States v. Ramos, 666 F.2d 469 (11th Cir. 1982). Ramos provides an excellent synopsis of the law, thus, the Court will not unnecessarily repeat it here. Ramos makes very clear that the government need not allege or prove an overt act in a conspiracy prosecution such as this one brought under 21 U.S.C. § 846. See Ramos, 666 F.2d at 475 (citing to United States v. Juarez, 573 F.2d 267 (5th Cir. 1978)). Count One of the indictment clearly sets forth the names of the co-conspirators, the location and dates of the conspiracy, the type of drugs involved and names the statute violated. Thus, the indictment is sufficient under the law.

**III.     Motion to Sever**

Count Five charges Mr. Solomon with possession of firearms by a previously convicted felon.[1]  Ms. Solomon asks the Court to sever Count Five from the trial on the remaining seven counts in the indictment.  Ms. Solomon claims that the inclusion at trial of her co-defendant and current husband's former felony conviction will result in clear and compelling prejudice to her that cannot be alleviated by a limiting instruction.

The United States presents three arguments against severing Count Five.  First, the United States claims that the facts and witnesses surrounding Count Five are intertwined with the facts surrounding the other counts.  Specifically, the United States claims that both Mr. and Ms. Solomon are charged with possession of firearms in furtherance of a drug trafficking crime.  The United States also notes that the firearms listed in Count Five are the same as those listed in Counts Three and Four.  Second, the United States claims that the impact of Mr. Solomon's former felony conviction can be mitigated by the stipulation typically used in these cases.  Third and finally, the United States claims that jury instructions can be tailored to reduce the impact and prejudice of Mr. Solomon's felony status on Ms. Solomon.[2]

Motions for severance are governed by Fed. R. Crim. P. 14, which requires

---

[1] Mr. Solomon is charged with possession of firearms after having previously been convicted of crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). See also Dkt. 22 for specific information about Mr. Solomon's prior conviction.

[2] Ms. Solomon's attorney provided the Court with "Proposed Jury Instructions."  (Dkt. 77).

"a trial court to balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in the efficient and economic administration of justice." United States v. Pepe, 747 F.2d 632, 649 (11th Cir. 1984).

The Court finds the Government's arguments persuasive. Ms. Solomon has not demonstrated that jury instructions would not be sufficient to mitigate any perceived prejudice to her from her co-defendant and husband's former felony conviction. In addition, the interests of judicial economy are best served by trying this case in its entirety. See United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) (stating that unless there is a serious risk that a jury would be unable to make a reliable judgment about guilt or innocence, defendants prejudiced by a joint trial are entitled only to curative instructions.)

**IV.  Conclusion**

For the reasons set forth above, the Motions (Dkts. 41, 44 and 52) are **DENIED**.

**DONE and ORDERED** from Chambers in Jacksonville, Florida on this 23rd day of September.

_____
JOHN H. MOORE II
United States District Judge

Copies to:  Counsel of Record